# Exhibit G

04/07/2025 8:12 PM

MASS ARBITRATION

# Mass Arbitration Supplementary Rules


AMERICAN ARBITRATION ASSOCIATION®

Amended and Effective April 1, 2024

Available online at **adr.org/mass-arbitration**

# Table of Contents

Introduction......................................................................... 3
    MA-1. Applicability ............................................................. 4
    MA-2. Filing Requirements...................................................... 4
    MA-3. Serving of Documents, Notices, and Communications ....................... 5
    MA-4. Answers, Counterclaims, and Amended Claims ............................. 5
    MA-5. Fixing of Locale......................................................... 6
    MA-6. Process Arbitrator....................................................... 6
    MA-7. Appointment of Merits Arbitrator(s) ..................................... 8
    MA-8. Scheduling .............................................................. 8
    MA-9. Mediation ............................................................... 9
    MA-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s).... 9

# Mass Arbitration Supplementary Rules



## Introduction

The American Arbitration Association® (AAA®)-International Centre for Dispute Resolution® (ICDR®) developed these Mass Arbitration Supplementary Rules (Supplementary Rules) to streamline the administration of large volume filings involving the same party, parties, and party representative(s), or related party, parties and party representative(s). These Supplementary Rules are intended to provide parties and their representatives with an efficient and economical path toward the resolution of multiple individual disputes.

Parties are encouraged to agree to additional processes that make the resolution of their Mass Arbitration more efficient, such as:

- An agreed-upon Scheduling Order setting forth deadlines across multiple cases, including those for submission of documents and witness lists, completion of discovery, and filing of motions.
    - Where the parties can agree on the Scheduling Order, they should consult with the arbitrator as to whether a Preliminary Management Conference between the parties and the arbitrator is necessary.
    - Eliminating the need for a separate Preliminary Management Conference in each case can significantly impact time to resolution of the case.
- An agreement to appoint a Limited Service Neutral to oversee procedural issues common to the cases, such as discovery, choice of law, and statute of limitations.
- An agreement that cases be heard on the documents, rather than by in-person, telephone, or videoconference hearings.
- An agreement to assign multiple cases to a single arbitrator, making the scheduling of conferences and hearings more efficient. Each case will still be heard and decided individually by the arbitrator.
- An agreement on the form of award.
- An agreement limiting briefs, motions, and discovery requests.
- An agreement allowing testimony via affidavit or recorded deposition, rather than requiring live witness testimony.

## MA-1. Applicability

(a) The AAA-ICDR may apply these Supplementary Rules to any group of cases defined as a Mass Arbitration in Section MA-1(b) below. The AAA-ICDR's determination to apply these Supplementary Rules shall be final, unless a party seeks review of that determination by a Process Arbitrator, as provided for in Section MA-6. These Supplementary Rules supplement any other AAA-ICDR Rules applicable to the disputes. Where inconsistencies exist among these Supplementary Rules and other AAA-ICDR Rules, these Supplementary Rules shall govern.

(b) For the purpose of these Supplementary Rules, Mass Arbitrations are defined as:

  i. twenty-five or more Consumer or Employment/Workplace similar Demands for Arbitration (Demand(s)) filed against or on behalf of the same party or related parties, or

  ii. one-hundred or more non-Consumer/non-Employment/Workplace similar Demands filed against or on behalf of the same party or related parties, and

  iii. where representation of all parties is consistent or coordinated across the cases.

(c) These Supplementary Rules apply whenever 25 or 100 or more similar Demands for Arbitration are filed, whether or not such cases are filed simultaneously.

(d) Parties to Mass Arbitrations are encouraged to agree to processes for the efficient resolution of those cases. Any such agreement must be in writing and should address the matters set forth in Sections MA-1 through MA-9 of these Supplementary Rules. In the absence of a post-dispute agreement as to any issue covered by these Supplementary Rules, the Supplementary Rules shall apply.

(e) If, within 30 calendar days after the AAA-ICDR's commencement of administration, a party seeks judicial intervention with respect to cases to which these Supplementary Rules apply and provides the AAA-ICDR with documentation that judicial intervention has been sought, the AAA-ICDR will suspend administration of such cases for 60 calendar days to permit the party to obtain a stay of arbitration from the court.

(f) In its sole discretion, the AAA-ICDR has the authority to interpret and apply these Supplementary Rules. The AAA-ICDR will make initial determinations with respect to administrative issues where necessary in order to apply these Supplementary Rules.

## MA-2. Filing Requirements

A separate Demand for Arbitration must be filed in each individual case. The filing party shall adhere to the filing requirements set forth in the applicable Rules. Each Demand must include complete contact information for all parties and representatives. The filings must include an affirmation that the information provided for each individual case is true and correct to the best of

the representative's knowledge. When the AAA-ICDR determines that the filing requirements have been met, it shall notify the parties.

As part of the filing requirements, the filing party shall submit a fully completed *Mass Arbitration Intake Data Spreadsheet* (Spreadsheet), which is available at **www.adr.org**, at the time a Mass Arbitration reaches the 25- or 100-case threshold, and shall update such Spreadsheet as additional cases are filed. This Spreadsheet must also be provided to opposing parties at the same time it is provided to the AAA-ICDR. The AAA-ICDR may also require the filing party to submit the Demands for Arbitration, and any other documents submitted with the Demands, in an electronic format. The AAA-ICDR will advise the filing party when and in what manner those materials shall be submitted.

### MA-3. Serving of Documents, Notices, and Communications

(a) For all purposes in accordance with these Supplementary Rules, the parties shall accept documents, notices, and communications pertaining to each Mass Arbitration via single, combined, electronic communication from the AAA-ICDR. The AAA-ICDR will determine when separate documents, notices, and communications are required.

(b) Service of documents, notices, and communications pertaining to Mass Arbitrations will be effected via electronic means, such as a file transfer protocol administered by the AAA-ICDR or AAA WebFile® platform. Parties providing service of documents, notices, and communications must simultaneously notify opposing parties in writing that the documents, notices, or communications have been submitted.

### MA-4. Answers, Counterclaims, and Amended Claims

(a) A respondent may file an Answer and/or Counterclaim as set forth in the applicable Rules; however, the deadline for filing an Answer shall be 45 calendar days from the date the AAA-ICDR confirms the filing requirements have been met. Answers, Counterclaims, and any amended claims must include an affirmation that the information provided within the submission(s) is true and correct to the best of the representative's knowledge.

(b) With the exception of the initial filings required under Section MA-2, where party submissions are substantially similar across a Mass Arbitration, the submission may be filed in a single document and need not be filed separately in each individual case.

  i.  Any party submission filed in this manner shall also include correspondence advising, by case number, to which cases the submission relates.

  ii. Any dispute over whether a party's submission is substantially similar will initially be determined by the AAA-ICDR, subject to a final determination by a Process Arbitrator, as provided for in Section MA-6.

## MA-5. Fixing of Locale

Virtual hearings are the preferred method of evidentiary hearings for cases subject to these Supplementary Rules. However, where in-person hearings are required, and in the absence of party agreement, the AAA-ICDR will identify one or more locales where hearings may take place. In any such determination, the AAA-ICDR will consider the positions of the parties; relative ability of the parties to travel; and factors such as the location of performance of the agreement, the location of witnesses and documents, relative costs, and the location of any prior court proceedings, among other factors presented by the parties.

## MA-6. Process Arbitrator

(a) After all parties have paid the Initiation Fees, and before the appointment of arbitrators pursuant to MA-7, and upon receipt of a party's written notice of a disputed MA-6(c) issue related to the mass arbitration, the AAA-ICDR may, in its sole discretion, appoint a Process Arbitrator.

(b) The AAA-ICDR shall administratively appoint a sole Process Arbitrator unless the AAA-ICDR, in its sole discretion, elects to appoint a Process Arbitrator in accordance with the process described in Section MA-7(a) below.

(c) The Process Arbitrator shall have the authority to determine the following issues:

   i. Whether the parties have met the AAA-ICDR's filing requirements or the filing requirements in the parties' contract and, if applicable, how the parties can correct any deficiencies in the filing requirements and how to proceed if they do not;

   ii. Disputes over any applicable conditions precedent and, if applicable, how the parties can meet the conditions precedent and how to proceed if they do not;

   iii. Disputes regarding payment of administrative fees, arbitrator compensation, and expenses;

   iv. Which Demands for Arbitration should be included as part of the mass arbitration filing;

   v. The selection process for Merits Arbitrators;

   vi. Determining the applicable AAA-ICDR Rules that will govern the individual disputes;

   vii. For cases under the Consumer Arbitration Rules:

   a) Whether the cases should be closed and the parties proceed in small claims court;

   b) Whether the Merits Arbitrator(s) shall proceed by documents only or hold hearings;

   viii. The locale of the Merits hearings;

    **ix.** Whether subsequently filed cases are part of the same mass arbitration. The Process Arbitrator must allow the parties in these subsequently filed cases the opportunity to address the applicability of any rulings to these cases before making any final determination;

    **x.** Whether any previously issued rulings by the Process Arbitrator are binding on the subsequent cases.

    **xi.** Any other non-merits issues affecting case administration arising out of the nature of the mass arbitration that the Process Arbitrator determines is appropriate for determination and

    **xii.** Any other issue(s) the parties agree in writing to submit to the Process Arbitrator.

**(d)** The Process Arbitrator shall have the power to rule on their own jurisdiction and shall resolve any disputes over the scope and applicability of this Section MA-6, including:

    **i.** Whether the dispute(s) before the Process Arbitrator are fact-specific and, therefore, must be made on an individual basis, or;

    **ii.** Whether the dispute(s) before the Process Arbitrator are not fact-specific and, therefore, do not need to be made on an individual basis.

**(e)** When a Process Arbitrator issues decisions based on the specific facts of individual arbitrations within the mass arbitration, the Process Arbitrator must document the decisions in separate written rulings setting forth the individual arbitration determinations. The Process Arbitrator shall determine the form of such rulings, including whether to combine the rulings into a single or multiple written communications with the parties.

**(f)** The Process Arbitrator may make rulings based on document submissions only or by telephone or videoconference. The ruling of the Process Arbitrator shall contain the reasons for such ruling.

**(g)** The Process Arbitrator's rulings shall be rendered no later than 30 calendar days from the date the Process Arbitrator set for receipt of the final document submissions. If the Process Arbitrator schedules a hearing, the Process Arbitrator's rulings shall be rendered no later than 30 calendar days from the close of the hearing or 30 calendar days from the date the Process Arbitrator set for receipt of post-hearing document submissions, whichever is later. The AAA-ICDR may extend the time limit for rendering the Process Arbitrator's ruling only in unusual and extreme circumstances. The parties, by agreement, may also extend the time limit for rendering the Process Arbitrator's ruling.

**(h)** The Process Arbitrator is subject to the disclosure and disqualification requirements contained in the applicable AAA-ICDR Rules, which include any grounds for disqualification under applicable law.

**(i)** Unless the parties otherwise agree, the Process Arbitrator's service will conclude as to an individual case upon the appointment of a Merits Arbitrator to that case, the closure of the individual case, or under the terms of the applicable AAA-ICDR Rules regarding the removal of an arbitrator or vacancy, whichever occurs earliest.

(j) Rulings by the Process Arbitrator will be final and binding upon the parties and Merits Arbitrator appointed to each individual case, except where a Merits Arbitrator determines that the Process Arbitrator abused their discretion.

(k) Absent agreement of all parties to an individual case, the AAA-ICDR shall not appoint the Process Arbitrator as the Merits Arbitrator for any cases in the same mass arbitration.

## MA-7. Appointment of Merits Arbitrator(s)

The parties may mutually agree upon a process for selection of the arbitrator(s) to determine the merits (the Merits Arbitrator(s)), and the AAA-ICDR will facilitate any such selection process. The arbitrator selection process may include the use of the AAA-ICDR arbitrator search platform when the AAA-ICDR deems it practical to provide and permits its use. Parties are encouraged to consider assigning multiple proceedings to a single, mutually agreeable Merits Arbitrator. Absent a contractual process or party agreement, the AAA-ICDR shall have the authority to apply the following process:

(a) The AAA-ICDR shall compile a roster of arbitrators for the purpose of identifying arbitrators who may be appointed to cases or groups of cases in a Mass Arbitration. The AAA-ICDR may submit a list of proposed arbitrators to the parties to any Mass Arbitration. The parties are encouraged to agree to arbitrators from this list and to advise the AAA-ICDR of their agreement. If the parties are unable to agree upon arbitrators, each party shall have 14 calendar days from the list transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA-ICDR. To ensure an appropriate number of arbitrators remain available for appointment, the AAA-ICDR may limit the number of strikes.

(b) If for any reason appointments cannot be made from the submitted lists or if the AAA-ICDR determines the number of cases is too numerous for use of lists, the AAA-ICDR shall have the authority to administratively appoint Merits Arbitrator(s).

(c) To facilitate arbitrator selection, to satisfy the parties' desired arbitrator qualifications, if the number of individual cases exceeds the number of qualified arbitrators in the locale, or in any other circumstance determined by the AAA-ICDR to warrant such action, the AAA-ICDR may assign multiple cases to a single Merits Arbitrator, who will decide each case on its own merits.

(d) Arbitrators appointed pursuant to Section MA-7 are subject to the disclosure and disqualification procedures set forth in the applicable AAA-ICDR Rules.

## MA-8. Scheduling

Preliminary Management Conferences and hearings will be scheduled in a manner consistent with the expeditious nature of arbitration. The parties are

encouraged to agree on a streamlined procedure for scheduling conferences and hearings. Absent such agreement of the parties, conferences and hearings may be scheduled in any fashion deemed appropriate by the AAA-ICDR or the arbitrator(s). The AAA-ICDR or the arbitrator(s) may schedule the Preliminary Management Conference without first consulting with the parties, although either party may request that it be rescheduled. To avoid delay in the administration of the cases, the AAA-ICDR may require that representatives provide availability via an automated or another electronic scheduling method and that they be available for blocks of hours or days at a time.

### MA-9. Mediation

Within 120 calendar days from the established due date for the Answer, the parties shall initiate a global mediation of the Mass Arbitration pursuant to the applicable AAA-ICDR mediation procedures or as otherwise agreed to by the parties. The mediator shall be administratively appointed by the AAA-ICDR unless the parties agree on a mediator. The mediation shall take place concurrently with the arbitrations and shall not act as a stay of the arbitration proceedings, unless agreed to by the parties. Any party may unilaterally opt out of mediation upon written notification to the AAA-ICDR and the other parties to the arbitration. Notwithstanding the foregoing, the AAA-ICDR may, in its sole discretion, appoint a mediator to facilitate discussions between the parties on processes that may make resolution of the cases more efficient. Unless agreed upon by all parties and the mediator, the mediator shall not be appointed as an arbitrator for any of the cases in the same Mass Arbitration.

### MA-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s)

**(a)** Administrative fees will be billed according to the applicable Mass Arbitration Administrative Fee Schedule. Administrative fees, as well as arbitrator compensation and expense deposits, are due on or before the deadline established by the AAA-ICDR. Neither settlement nor withdrawal of any individual claim or group of multiple cases shall result in extension of payment due dates or waiver of administrative fees. Administrative fees, as well as arbitrator compensation and expenses, for each Mass Arbitration will be billed and must be paid prior to the AAA-ICDR completing the applicable administrative procedures.

**(b)** Invoices provided by the AAA-ICDR to the parties for payment of fees and arbitrator compensation and expenses may be in consolidated format for each Mass Arbitration.

**(c)** Compensation of the Process Arbitrator will be at the rate set forth on the Process Arbitrator's resume. Compensation of the Global Mediator will be at the rate set

forth on the Global Mediator's resume. Merits Arbitrator(s) shall be compensated pursuant to the Rules and fee schedules applicable to the individual cases.

**(d)** If administrative fees, arbitrator compensation, and/or expenses have not been paid in full, the AAA-ICDR may notify the parties in order that one party may advance the required payment within the time specified by the AAA-ICDR.

**(e)** If payments due are not made by the date specified in such notice to the parties, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA-ICDR may suspend or terminate those proceedings. The AAA-ICDR may also decline to administer future arbitrations with the parties involved.

*© 2024 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA)-International Centre for Dispute Resolution (ICDR) and are intended to be used in conjunction with the AAA-ICDR's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*