# EXHIBIT I



Alan Littmann
312.881.5969
alittmann@goldmanismail.com

February 22, 2024

Melissa Nafash
Labaton Keller Sucharow LLP
140 Broadway
New York, NY 10005
mnafash@labaton.com

*Re: VPPA Claims*

Dear Melissa:

I represent MLB Advanced Media ("MLBAM") and have received your February 14, 2024 letter indicating that your firm represents 5,771 individuals related to purported violations of the Video Privacy Protection Act by MLBAM. Your letter further states that you are providing notice of the claimants' intent to arbitrate these claims pursuant to MLBAM's old Terms of Use, rather than its operative Terms of Use.

So that we may better evaluate your statements in your letter, please provide the following information at your earliest convenience:

1. Attached to your letter was a scanned table of names, email addresses, phone numbers, and physical addresses for the individuals your firm claims to represent. Please provide a searchable/native spreadsheet with this information;

2. Any support for your statement that MLBAM's dispute resolution provision in its operative Terms of Use "is unenforceable due to, inter alia, the lack of a meaningful opt-out opportunity." (Feb. 14, 2024 Letter, at n. 1.)

3. Evidence that each of the individuals has signed or otherwise agreed to an arbitration provision with MLBAM, including (for each individual) when the arbitration provision was agreed to and the language of that provision;

4. Evidence that each of the individuals subscribed to an MLBAM service, including specifically whether they subscribed to a paid service such as MLB.tv. If they are

subscribers, please provide the dates on which they have subscribed;

5. Evidence that each of the individuals identified in the letters has a Facebook account, and the date range for which they have/had the Facebook account;
6. Evidence that each of the individuals identified in the letters watched a prerecorded video on an MLBAM website;
7. The specific names of the prerecorded videos that each of the individuals allegedly watched;
8. The specific URLs for the prerecorded videos that each of the individuals allegedly watched;
9. The date(s) on which each of the individuals allegedly watched a prerecorded video;
10. Evidence that each of the individuals identified in the letters was logged into Facebook when they allegedly watched any prerecorded video(s);
11. Evidence that, for each of the individuals identified in the letters, MLBAM sent personally identifiable information to Meta/Facebook, and when that allegedly occurred;
12. Evidence that, for each of the individuals identified in the letters, MLBAM shared information about a specific video allegedly watched by the individual; and
13. Evidence that Meta/Facebook received and was able to combine any alleged transmission of video information and personally identifiable information for each of the individuals identified in the letters.

While MLBAM retains numerous legal defenses to your claims, the above facts, at a minimum, would be necessary to prove a violation of the VPPA. Therefore, we expect that your firm has this information readily accessible. Providing the information to us at this stage of the dispute will greatly reduce the costs to both sides and allow us to fully evaluate your claims.

I am available to discuss this issue further if you have any questions.

Sincerely,

*Alan E. Littmann*

Alan Littmann