# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to the Cases Identified on Exhibit A | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

### ORDER

The Claimants identified on Exhibit A present unique duplication and overlapping representation problems. Each Claimant has duplicate cases filed by two different Primary Counsel firms and is registered in MDL-Centrality under two different Plaintiff IDs ("PIDs"). Only the second-filed case for each Claimant was included on the Primary Counsel's Identification Order Declaration ("ID Declaration"). The first-filed cases, which were all filed before August 29, 2023, are not on the Primary Counsel's ID Declaration. Consistent with Case Management Order No. 60 (Identification Order), ECF No. 3814, the Court was inclined to dismiss with prejudice all of these first-filed cases for failure to comply with court orders. *See, e.g.*, ECF No. 3971 (dismissing with prejudice cases not included on ID Declarations and filed before August 29, 2023). **However, 10 of the second-filed cases were also previously dismissed with prejudice for various other non-compliance issues (*e.g.*, census forms, DD214s); therefore, dismissal of the first-**

**filed case would leave the Claimants with no filed case in the MDL**.  Moreover, the Court's past practice has been to allow Primary Counsel firms one final opportunity to resolve outstanding duplication and representation issues.  For these reasons, the Court also will do so here.

The Primary Counsel firms representing the Claimants on Exhibit A are directed to: (1) confer with one another and their respective client(s) to determine which single firm will proceed as Primary Counsel; (2) resolve the representation issue through MDL-Centrality, including by closing all but one of the related PIDs for the respective Claimant; and (3) formally move to dismiss any existing duplicate case(s) associated with the Claimant—that is, dismiss the case that will not go forward.  For the 10 Claimants included on ID Declarations under second-filed cases that were previously dismissed with prejudice, the prior dismissals will not be vacated.  Instead, with the assistance of the Settlement Data Administrator, Primary Counsel firms should transfer the existing, first-filed case onto their Identification Declaration in place of the previously dismissed, second-filed cases.  The deadline for compliance with these directives is **January 3, 2024**.

The Settlement Data Administrator has been delegated authority to resolve duplicate case/overlapping representation issues and will contact Primary Counsel directly to that end.  Primary Counsel must timely communicate with the Settlement Data Administrator to resolve the issues.  The Settlement Data Administrator will

report to the Court any duplicate case/overlapping representation issues that remain after January 3, 2024 and will communicate with the parties regarding any potential amendments to the ID Order Report.

Any Claimant whose overlapping representation issue(s) remains unresolved after January 3, 2024 will be deemed represented by the Primary Counsel firm who included him/her on the ID Declaration.  Additionally, the PID created in MDL Centrality by that Primary Counsel firm will be deemed the Claimant's operative PID, and the case filed by that firm will be deemed the operative case.  All but the operative PID for the Claimant will be closed in MDL-Centrality, with all documents associated with any duplicate PID merged into the operative PID.  Last, the case not included on an ID Declaration will be dismissed with prejudice.

**SO ORDERED**, on this 26th day of December, 2023.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**