USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

IAN MOORE AND 5,629 OTHER
INDIVIDUALS,

                  Petitioners,

        v.

MLB ADVANCED MEDIA, L.P.,

                  Respondent.

Case No. 1:25-cv-03121-AT

## PROTECTIVE ORDER

Whereas, Petitioners and Respondent MLB Advanced Media, L.P. (hereinafter each a "Party" and together the "Parties"), through counsel, have negotiated the terms of this Agreed Protective Order (this "Order"); and

Whereas, the Parties have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced or adduced in the course of discovery, including documents exchanged, responses to discovery requests and subpoenas, testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information (as defined below). For the avoidance of doubt, this Order does not permit a party to take any discovery beyond that ordered or authorized by the Court or other applicable rule.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" by a producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) personal identity information; (e) personnel records, employment records, medical records, or

documents containing other personal, identifying information of any individual; or (f) personal information about customers or users of MLBAM digital properties. Information or documents that are available to the public may not be designated as Confidential Information.

**3.      Designation**.

(a) A Party or a non-party testifying or producing documents in connection with this case may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. To the extent any natively produced documents, data, or other electronically-stored information are produced, such documents or data may be designated as Confidential Information by: (i) marking or stamping the TIFF placeholder image with the appropriate designation; (ii) including the appropriate designation in the native file's file name; and (iii) including the appropriate designation on the label of the transmittal media or in the transmittal email. The appropriate marking shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by the designating Party that it believes in good faith that the document contains Confidential Information as defined in Paragraph 2 above.

4.    **Testimony**. Unless all Parties agree on the record at the time the testimony is taken, all testimony given in this case shall be treated as Confidential Information.

5.    **Protection of Confidential Material**.

(a) **General Protections**. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in the above-captioned case.

(b) **Limited Third-Party Disclosures**. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)–(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)    Counsel. In-house and outside counsel for the Parties, employees of outside counsel, and in-house counsel's support staff (e.g., paralegals, e-discovery and document assistants, and administrative staff);

(2)    Parties. The individual Petitioners, and employees of Respondent, but only to the extent counsel determines in good faith that each individual's assistance is reasonably necessary to the conduct of the case in which the information is disclosed;

(3)    The Court and its personnel;

(4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions for this case;

(5)    Contractors. Those persons specifically engaged in this case for the limited purpose of making copies of documents, organizing or processing documents, or developing presentations and graphics, and vendors hired to process electronically stored documents;

(6)    Consultants and Experts. Consultants, investigators, or experts used by the Parties or counsel for the Parties to assist in the preparation and hearing of this case but only after such persons have completed the certification contained in

Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Author or recipient. The author, meaning the individual who created or originated the document, or recipient of the document as apparent from the face of the document (not including a person who received the document in the course of this case) or its metadata;

(8)     Deponents.   Any persons noticed for deposition and who would have knowledge of the facts involving the so designated documents; and

(9)     Others by Consent. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(d) **Redaction**. Parties may redact information described in paragraph 2(f) for individuals who are not party to this case that is designated as Confidential Information. Any redactions will be subject to the same challenge procedure described in paragraph 7.

**6.       Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a Party designates a document as Confidential Information after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A Party challenging the designation of Confidential Information must do so in good faith and its counsel must begin the process by conferring directly with counsel for the designating Party. In conferring, counsel for the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give counsel for the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

(b) **Intervention by the Court**. A Party that elects to challenge a confidentiality designation may, pursuant to any applicable procedures for motion practice in this Court, file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must certify that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

The fact that any Party has not challenged a designation of any material as Confidential Information shall not be deemed an admission and shall not give rise to any inference that any such material is confidential, is a trade secret, or is otherwise entitled to any statutory or common law protection other than as provided in this Order.

8.      **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or

5

any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in this case.

9.      **Use of Confidential Documents or Information**. Recipients of Confidential Documents or Information under this Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Documents or Information for any business, commercial or competitive purpose. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

10.      **Filing Confidential Documents or Information in this Case**. The Parties agree that any Confidential Documents or Information filed on the docket in this case shall be filed under seal and accompanied by any necessary request to file under seal. All persons seeking to file redacted documents or documents under seal with the Court in connection with this case shall follow all applicable provisions of the Federal Rules of Civil Procedure, rules and standing orders of the U.S. District Court for the Southern District of New York, and Individual Practices in Civil Cases of the presiding District Judge. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential or Documents or Information itself, and not text that in no material way reveals the Confidential or Documents or Information.

11.      **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential

6

Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from a court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control any Confidential Information by the other Party to this case.

12.    **New Party or Counsel**. In the event that a new Party is added, substituted or brought into the case, or in the event that new or substitute counsel is retained by a Party, this Order shall be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of the Order.

13.    **Obligations on Conclusion of Case**.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of judgment in this case.

(b) **Return or Destruction of Confidential Information**. Within sixty days after dismissal or entry of judgment, the receiving Party shall return to the producing Party all Confidential

Information, including documents marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" under this Order, including copies as defined in paragraph 3(a), unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

14.     **Privileged Documents and Information**. Any Party that inadvertently produces or discloses documents or information subject to a claim of privilege or work product protection ("Privileged Material") must, promptly upon discovery of the inadvertent production or disclosure, notify the receiving Party in writing. Within seven (7) days of receiving the written notification, the receiving Party must (a) return, destroy, or sequester the Privileged Material (and any copies); (b) take reasonable steps to retrieve any Privileged Material that the receiving Party disclosed to any other person or entity before being notified; and (c) respond with a written certification that the Privileged Material (and any copies) have been returned, destroyed, or sequestered. The receiving Party may not use or disclose the Privileged Material until any issue of privilege or protection is resolved by agreement of the Parties or by the Court. If a Party becomes aware that it has received documents or information that it believes to be inadvertently produced Privileged

Material, then counsel for that Party must immediately take steps to (a) notify the producing Party; (b) return, destroy, or sequester the Privileged Material (and any copies); and (c) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct. Nothing in this Order requires disclosure of Privileged Material. Inadvertent production of Privileged Material does not constitute a waiver of the claim of privilege or protection.

15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**So Ordered**.

Dated: May 20, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

9

Agreed and Approved By:


Dated:      5/15/2026

_____
Thomas G. Hoffman
Counsel for Petitioners


Dated:      5/18/2026

_____
Alan E. Littmann
Counsel for MLB Advanced Media, L.P.

10

**ATTACHMENT A**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order dated _____ in *Moore and 5,628 Individuals v. MLB Advanced Media, L.P.*, No. 25 Civ. 3121 (AT) (S.D.N.Y.) (attached hereto), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of U.S. District Court for the Southern District of New York in matters relating to the Agreed Confidentiality Order and understands that the terms of the Agreed Confidentiality Order constitute an obligation to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____

Signature: _____ Date: _____